# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-0194   FMO (Ex)** | Date | **August 22, 2018** |
|---|---|---|---|
| Title | **Leonardo Gonzalez-Tzita v. City of Los Angeles, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**      **(In Chambers) Order Re: Motion for Class Certification and Preliminary Approval of Class Settlement**

Having reviewed plaintiffs' Motion for Class Certification and Preliminary Approval of Class Settlement (Dkt. 91, "Motion"), the court concludes as follows.

The Motion is deficient in several ways, and does not comply with the Court's Order of December 4, 2017, which set forth the court's requirements for preliminary approval. (See Dkt. 72). For instance, the Motion and settlement agreement does not identify the amount of proposed incentive payment, nor does it address the standard set forth in Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157 (9th Cir. 2013). (See, generally, Dkt. 91, Motion at 7) ("For the individual Plaintiffs, they recover additional amounts based on their status as class representatives[.]"); (Dkt. 92, Declaration of Donald W. Cook at Exhibit A). The Motion also does not analyze whether the settlement agreement is fair and the product of arms-length negotiation. (See, generally, id.). The section on the class notice is one sentence long, (see id. at 16), which is substantially shorter than even the court's instructions on what is required to demonstrate the adequacy of the class notice. (See Dkt. 72, Court's Order of December 4, 2017). The Motion also does not include a proposed order. (See, generally, Dkt. 91, Motion). Plaintiffs' counsel should carefully review the court's requirements and file a renewed motion by the deadline set forth below.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion (**Document No. 91**) is **denied without prejudice.**

2. Plaintiffs shall file a Revised Motion for Class Certification and Preliminary Approval of Settlement Agreement ("Motion") no later than **September 5, 2018.**

3. Plaintiffs are advised that the court will not consider the Motion unless it includes a discussion and evidentiary support, where appropriate, regarding the following issues:

(A)   All class certification requirements, including declarations from proposed class

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-0194   FMO (Ex)** | Date | **August 22, 2018** |
|---|---|---|---|
| Title | **Leonardo Gonzalez-Tzita v. City of Los Angeles, et al.** | | |

representatives as to the adequacy of their representation of the class;

(B)  Whether the settlement is within a range of possible judicial approval, including the fairness of its terms and settlement amount to the class members;

(C) The arms-length negotiation of the settlement discussion(s), including whether, and to what extent, the proposed class representatives were involved in the negotiation(s);

(D)  Incentive payments and the standard set forth in Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157 (9th Cir. 2013), including: (I) declarations from the proposed class representatives  regarding the time, risk, and burden carried by them in this action, and the benefit they provided to counsel and/or the class throughout the litigation; (ii) the distribution of payments and range of award amounts to class members; and (iii) whether the incentive payments are conditioned on approval of the settlement;

(E)  Adequacy of the class notice, including whether and how it fairly apprises the putative class members of the terms of the proposed settlement, and of the options available to them in connection with the settlement and court proceedings:

    (i)  The court prefers that settlement agreement not require class members to submit objections to counsel, the class administrator, and the court.  It suffices for objections to be submitted in writing to the court, since they will thereafter be available to the parties on the case docket once the objections are filed by the clerk of the court.

    (ii) In order to ease the burden on class members in exercising their rights under the proposed settlement agreement, the court prefers that the settlement agreement provide for submission of an opt-out or exclusion form, to be provided to class members by the settlement administrator;

(F)  How the settlement will be administered, including the proposed amount and cap to be paid to the settlement administrator; and

(G).  The parties should carefully evaluate the scope of the release of claims.  With respect to absent class members, the court generally disfavors broad releases and waivers pursuant to California Civil Code § 1542.

4.  Failure to file the motion for preliminary approval by the deadline set by the court shall result in dismissal of the case for failure to prosecute and/or to comply with a court order.

5.  Defendant may also file a brief in support of the motion for preliminary approval by the deadline set forth above.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-0194   FMO (Ex)** | Date | **August 22, 2018** |
|---|---|---|---|
| Title | **Leonardo Gonzalez-Tzita v. City of Los Angeles, et al.** | | |

|  |  |
|---|---|
| | 00 : 00 |
| Initials of Preparer | vdr |